BUTLER v. BUTLER.

1. MASTER—EXCEPTIONS—REFERENCE—EQUITY.—The Circuit Court may hear a party interested in the distribution of a fund in Court without answer or exceptions to the master's report, when the equities of such party is not one of the subjects referred.

2. WARRANTY—MORTGAGE—ESTOPPEL.—A party having an interest in land by devise and a claim against it as estate of testator, who gives a mortgage with general warranty, is estopped from claiming the proceeds of such claim as against the assignee of the mortgage in proportion to the extent of his title.

3. EQUITY.—When the Court has in hand a fund, the claimant of which having brought in a party having an interest in another portion of the fund, to whom such claimant is indebted, the Court may order the fund paid to such party on the debt due him by claimant.

4. REHEARING refused.

Before GAGE, J., Greenville, May, 1902. Affirmed.

Action by Baylis A. Butler, executor, against Wm. J. Butler, B. A. Butler, B. M. McGee *et al.* From Circuit decree, plaintiff and defendants, Wm. J. and B. A. Butler, appeal.

*Messrs. Blythe & Blythe,* for appellants, cite: *Error to hear McGee:* Code of Proc., secs. 290 to 294. *Estoppel must be pleaded:* 8 Ency. P. & P., 9; 29 Am. St. R., 344. *There is no estoppel by deed:* 8 Ency., 66, 71; 27 S. C., 288; 48 S. C., 341.

*Messrs. L. K. Clye* and *B. M. Shuman,* for McGee, contra, cite: *Party with interest to protect may appear at any time:* 68 N. Y., 458; Code of Proc., 163, 170, 418; 62 S. C., 509. *Court may adjudge the equities and rights of all parties before it:* 8 S. C., 103; 25 S. C., 123; 48 S. C., 165; 114 U. S., 104; 21 S. C., 210; Code of Proc., 267; 5 Rich. Eq., 1; 35 S. C., 531; Pet. on Eq., 1, 13, 15. *Appellant is estopped by the warranty in his mortgage:* 1 Jones on Mtg., 5 ed., sec. 682; 21 S. C., 183; 24 S. C., 451; 35 S. C., 531; 24 S. C., 451; 35 S. C., 531; 9 Rich., 380; 12 S. C., 62; 2 Bail., 269; 2 M. & McC., 53; 13 Pick., 116; 25 Ill., 383.

This opinion was filed April 20, 1903, and remittitur held up on petition for rehearing until

July 20, 1903. The opinion of the Court was delivered by

MR. JUSTICE JONES.  This action was for the settlement
of the estate of Willis W. Butler, who died in 1882, leaving
a will, under which plaintiff became executor.  The estate
consisted mainly of a tract of land which was sold by order
of the Court in this proceeding for $2,200.  The devisees
under the will were the plaintiff, Baylis A. Butler, and the
defendants, William J. Butler and James T. Butler, who,
being dead, is represented herein by his heirs at law as de-
fendants.  After the death of the testator, the plaintiff and
James T. Butler, being severally indebted by notes to D. M.
Adams, executed to him as further security a mortgage upon
the tract of land devised as aforesaid, containing a general
warranty clause, it being stated in the mortgage that "this
conveyance covers all my right, title and interest in said tract
of land of every nature and kind."  These notes and mort-
gages were afterwards assigned to the defendant, B. M.
McGee.  The master found that the amount due on the
note and mortgage by plaintiff at the date of his report,
March 19, 1902, was $1,536, and on the note and mortgage
by James T. Butler, $759.28.  The will among other things
provided that the plaintiff should have out of the testator's
estate reasonable compensation for his services in taking
care of Mary M. Butler and Susan F. Benson, such compen-
sation to be determined by two disinterested men.  By an
order of Judge Townsend, in November, 1901, it was re-
ferred to the master to appoint two disinterested men to
ascertain the amount of such compensation, which was done,
and these men found $3,000 as the amount of compensation.
The master in stating the account said: "This said sum of
$3,000 is, however, to be reduced by the amount for which
the said Baylis A. Butler is liable to account to said estate,
as above found, to wit: $1,597.92, which leaves the sum of
$1,402.08, and I fix this sum as the amount due the said
Baylis A. Butler from the estate of the said Willis W.
Butler, after a full accounting between them.  But of this
amount, as above found, the sum of $113.59, being the
amount found due the said Baylis A. Butler at the date of

his last accounting to the probate court, has been assigned to the defendant, B. M. McGee, and should be paid to him, leaving the amount due and payable to the said Baylis A. Butler out of the said estate $1,288.49." No exceptions were filed to the report of the referee, but when the matter came up before Judge Gage, he made the following decree:

"This matter comes on to be heard on the master's report. The defendant, McGee, excepts to a decree proposed by the plaintiff's attorneys, in execution of the master's report. There are no formal exceptions to the report of the master. The plaintiff objects to the consideration of McGee's contentions. If the report of the master was free from ambiguity, I should not hear McGee against it; for he never answered; and he never excepted, though he, most of all persons, is interested in the cause. The real question, though, is what disposition of the funds has the master recommended? The amounts due the several creditors and claimants are found; but, as I see, no scheme of payment is proposed by the master. I shall, therefore, consider the two schemes proposed, on one side by plaintiff and on the other side by McGee. There are two issues: (1) Shall the $200 fee due to plaintiff's attorney come first out of the general fund? and (2) Shall the sum of $1,288.49 be paid to plaintiff or to McGee? It seems clear to me that the fee should come out of the general fund. The service was rendered for the estate of W. W. Butler, and all parties who had an interest therein as a consequence. The services being for the estate, remuneration should be made by the estate. The two cases cited by the defendant do not militate against this view. It seems clear to me, too, that McGee and not the plaintiff is entitled to receive the above stated amount. It is true, that plaintiff did not execute to McGee's assignor, Adams, a mortgage or pledge of the claim which plaintiff held against the estate of W. W. Butler; the plaintiff only executed to Adams a mortgage on his interests in the land out of which this fund had proceeded. But that mortgage contains a clause of general warranty. It would be inequitable to

allow plaintiff to say now that he had mortgaged his interests to Adams while he held against the whole title a claim which might consume his interest.   He is now estopped to make such a contention.

"It is, therefore, ordered, that the report of the master be confirmed; that out of the fund he pay the following claims, to wit: First, the taxes due; then costs, disbursements and expenses of the action; then to Hyde and Verdin $10 for their compensation herein; and then to B. M. McGee the sum of $113.59 and $1,288.49; that the balance be held subject to the further order of this Court."

The only question which arises under the exceptions to this decree is as to the correctness of Judge Gage's disposition of the fund of $1,288.49, the amount due plaintiff by his testator's estate.   It is contended, first, by appellant, that under the master's report, to which no exception was taken by McGee, that sum should be paid over to the plaintiff.   We do not think the Court erred in considering the rights of McGee in ordering a distribution of this money.   There was no exception to the master's report, it is true, but none was necessary, as no questions were raised as to the facts found by the master and his conclusion of law thereon within the scope of the reference.   It was not referred to him to determine, nor did he undertake to determine, the right of McGee with respect to the claim which plaintiff held against the testator's estate for services rendered pursuant to the direction of the will in caring for and supporting Mary M. Butler and Susan F. Benson.   As to that, he was only required to appoint the two disinterested appraisers to value such services and incorporate their findings in his report.   His report merely showed the balance due the plaintiff by the estate, without any decision with respect to McGee's equities concerning the same.   The reference was for the purpose of aiding the court of equity in determining all the rights of the parties before it with respect to a fund in court for settlement, and as long as the fund was in court, it was competent for the court of equity to control

its disposition and to hear any party as to the law governing the same.

The Circuit Court ordered the fund to be paid to defendant, McGee, on the ground that plaintiff was estopped to claim it as against McGee's mortgage under the general warranty clause. We will now consider how far the Court was correct in this. Among the covenants involved in a general warranty in a conveyance of land is a covenant that the land is free from all incumbrances—*Jeter* v. *Glenn,* 9 Rich., 374. In the case of *Grice* v. *Scarborough,* 2 Spear, 652, the Court said that the word "incumbrance, in a popular sense, means a *clog, load, hindrance, impediment, weight,*" and quoted with apparent approval the definition of Chief Justice Parsons, in *Prescott* v. *Freeman,* 4 Mass. R., 627: "Every right or interest in the land granted to the diminution of the value of the land but consistent with the passing of the fee of it by the conveyance, must be deemed an incumbrance. Thus a right to an easement of any kind is an incumbrance; so, also, is a claim of dower, which may partially defeat the plaintiff's title, by taking a freehold of one-third out of it, and for the same reason (italics ours) *a paramount right which may wholly defeat plaintiff's title is an incumbrance. It is a weight on his land which must lessen its value.*" According to the 16 Ency. Law, 2 ed., "An incumbrance is a burden upon the land depreciative of its value, such as a lien, easement or servitude, which though adverse to the interest of the landowner does not conflict with his conveyance of the land in fee." The plaintiff's claim for services ascertained to be $3,000, was clearly a burden upon the land which he mortgaged to McGee, assignor, and depreciative of its value as a security, and is within the definition of an incumbrance against which he covenanted. It was held, in *Kerngood* v. *Davis,* 21 S. C., 210, that the same consequences would follow a general warranty in a mortgage as in a deed of conveyance. It must follow, therefore, that plaintiff is estopped from asserting his claim as against the defendant, McGee's, mortgage, but the

estoppel would only be co-extensive with the interest warranted. The plaintiff's interest in the land mortgaged was one-third thereof, and so the estoppel would not go beyond one-third of the fund which now represents the land. To this extent the Court was right in resting his decree upon the doctrine of estoppel.

The decree, however, is sustainable upon other grounds. The fund is in a court of equity, which strives to do complete justice to all the parties before it, avoiding circuity of action and a multiplicity of suits. The plaintiff brought defendant, McGee, into this action and compelled him to establish his claim, and ask that he be enjoined from proceeding to enforce the same in any other manner. It has been determined herein that plaintiff is indebted to defendant, McGee, in a sum greater than the fund in question. The fund is in Court and all the parties are before the Court, and nothing is suggested in the record which would make it illegal or inequitable to apply the fund *otherwise going to plaintiff to the payment of his indebtedness to McGee, as established in this action at the instance of plaintiff*. In such case the Court should not require McGee to take other proceedings to compel the application of plaintiff's money to the payment of his debts.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

On July 20, 1903, petition for rehearing was dismissed by following *per curiam* order:

An examination of the petition herein failed to disclose that there was any error as to the facts and conclusions of law in the judgment of this Court. Hence the petition must be dismissed.

It is ordered, that the petition be dismissed, and the order for the stay of remittitur be vacated.

Y. J. POPE, Chief Justice.